**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **INGE BERGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-3173-JD** |
| | ) | |
| **LORINDA LOMPREY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Inge Berge filed a complaint and a separate Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), Doc. 2. United States District Judge Jodi W. Dishman referred the Application to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). After review, the undersigned recommends that the Court deny the Application.

## I. Discussion

The filing fee for a civil case in this Court is $405.00.[1] Courts have discretion in deciding whether to grant a civil litigant permission to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915(a); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right—fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (citation modified). To succeed

[1] The total filing fee includes a base fee of $350.00 plus an administrative fee of $55.00. *See* 28 U.S.C. § 1914(a); *Judicial Conf. Sched. of Fees, Dist. Ct. Misc. Fee Sched.* ¶ 14.

on an application to proceed IFP, the movant must show "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312.

**A. Factors for consideration**

Factors the Court may consider in exercising its discretion include "whether the complaint is frivolous or malicious; whether the case concerns a prisoner, with special concern placed on prisoner complaints; and the nature of the mandatory and discretionary demands on the applicant's financial resources." *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (citation modified). The undersigned has not reviewed the complaint. Doc. 1; *see* Doc. 3 (referring only the Application). But even assuming the complaint is not frivolous or malicious, the remaining factors weigh against granting Plaintiff's Application. Plaintiff is not a prisoner, so the special concerns attendant to prisoner cases do not apply.

As to the financial-resources factor, the Court may consider both income and assets. *See Lister*, 408 F.3d at 1311 (noting that an applicant's income, assets, and expenses are relevant for consideration of an IFP application). With respect to income, the Court considers the degree to which a plaintiff's monthly income exceeds his monthly obligations. *See Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008) (affirming denial of IFP status, in part, because plaintiff's "monthly income exceeded his monthly obligations by several hundred dollars"). In doing so, the Court also considers whether a plaintiff's monthly obligations are mandatory or discretionary. *Brewer*, 24 F. App'x at 979. And the Court considers a plaintiff's household income. *See, e.g., Freisinger o/b/o A.A.F. v. Dudek*, No. CIV-25-104-CMS, 2025 WL 913637, at *1 (W.D. Okla. Feb. 19,

2025) (explaining a court considers the "income and assets of persons who financially support" a plaintiff applying to proceed IFP) (R&R), *adopted*, 2025 WL 909238 (W.D. Okla. Mar. 25, 2025).

**B. Plaintiff's financial information**

The undersigned has carefully considered Plaintiff's income, assets, and expenses as listed on his Application. Plaintiff attests he earned approximately $30,000.00 in 2026, which equates to approximately $2,500.00 per month.[2] Doc. 2 at 1. He reports $300.00 in cash or a bank account. *Id.* at 2 Plaintiff also attests to approximately $15,000.00 in other assets. *Id.*

Plaintiff lists several regular monthly expenses totaling approximately $755.00. *Id.* He also lists several debts or financial obligations, totaling approximately $9,500.00, but states he is not currently making payments on those debts as he awaits payment plans from his creditors. *Id.*

Considering the information provided in the Application, the undersigned recommends denying the Application. Plaintiff's monthly income appears to exceed his regular monthly expenses by approximately $1,745.00. Additionally, though Plaintiff indicates significant debt, his stated assets exceed the amount of that debt and the filing fee. "While this Court does not suggest that the plaintiff is wealthy or has lots of money to spend, he does appear to have discretionary income and/or assets and it appears that [he]

[2] It is unclear whether Plaintiff has earned this amount so far in 2026, or whether it is the total amount he expects to earn for the full calendar year. Giving Plaintiff the benefit of the doubt, the undersigned assumes the latter.

has the ability to spend [his] discretionary funds on filing fees if he desires." *Williams v. Oklahoma*, No. CIV-16-163-R, 2016 WL 7665657, at *2 (W.D. Okla. Feb. 23, 2016) (citation modified) (R&R), *adopted*, 2016 WL 7665658 (W.D. Okla. Apr. 4, 2016), *aff'd*, 667 F. App'x 733 (10th Cir. 2016); *see also Brewer*, 24 F. App'x at 979 (affirming denial of IFP status because plaintiff's "monthly income exceeds his monthly expenses by a few hundred dollars").

As such, based on the information before the Court, the undersigned finds Plaintiff has not shown "a financial inability to pay the required filing fees." *Lister*, 408 F.3d at 1312; *see also Raynor v. Wentz*, 357 F. App'x 968, 969 (10th Cir. 2009) (denying a motion to proceed IFP when "the documentation Plaintiff has provided does not indicate an inability to pay the required filing fee").

## II. <u>Recommendation and Notice of Right to Object</u>

For these reasons, the undersigned recommends that the Court **DENY** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2. The undersigned further recommends that if Plaintiff does not pay the $405.00 filing fee in full to the Clerk of Court within 21 days of any order adopting this Report and Recommendation, this action be dismissed without prejudice to refiling, pursuant to Local Civil Rule 3.3(e).

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of Court not later than **November 25, 2026**. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this

Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 4th day of November, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE